# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

ORLANDO MALAVE, )
)
    Plaintiff, )
)
v. )   Case No. CV413-030
)
CAROLYN W. COLVIN, )
*Commissioner of Social Security,* )
)
    Defendant. )

## **REPORT AND RECOMMENDATION**

Orlando Malave is a 51-year-old man suffering from degenerative disc disease of the lumbar spine, frozen shoulder, obesity, and depression. (Tr. 12.) He applied for a period of disability and disability insurance benefits on June 18, 2009, claiming a February 1, 2008 onset date. (Tr. 10.) His application was denied both initially and on reconsideration. (*Id.*) An Administrative Law Judge ("ALJ") conducted a hearing and denied benefits. (Tr. 10-19.) The Appeals Council denied his request for review, making the ALJ's decision the final decision of the Commissioner. (Tr. 1-3.) He then filed a complaint for judicial review in

this Court, contending that the ALJ erred in reaching his determination. (Doc. 1.)

## I. STANDARD OF REVIEW

Affirmance of the Commissioner's decision is mandatory if her conclusions are supported by substantial evidence and based upon an application of correct legal standards. 42 U.S.C. § 405(g); *Wilson v. Barnhart*, 284 F.3d 1219, 1221 (11th Cir. 2002); *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997). "Substantial evidence is something more than a mere scintilla, but less than a preponderance." *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (quotation marks and citations omitted). It "is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quotation marks and citations omitted). If substantial evidence supports the decision, the Court will affirm "[e]ven if the evidence preponderates against the Commissioner's findings." *Id.* at 1158-1159. This Court cannot substitute its judgment for that of the Commissioner. *Barnes v. Sullivan*, 932 F.2d 1356, 1357-1358 (11th Cir. 1991).

The burden of proving disability lies with the claimant. 20 C.F.R. § 404.1512; *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005). To determine whether he has met the burden, the Court looks to the five-step evaluation process set forth in the Social Security Regulations. 20 C.F.R. § 416.920; *Dixon v. Astrue*, 312 F. App'x 227, 227-28 (11th Cir. 2009); *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999). At step one, the claimant must prove that he has not engaged in substantial gainful activity. *Jones*, 190 F.3d at 1228. At step two, he must demonstrate a severe impairment or combination of impairments. *Id.* Then, at step three, if the claimant's impairment meets or equals a listed impairment, he is automatically found disabled. *Id.*

If not, he must advance to step four, which requires him to prove an inability to perform past relevant work. *Id.* At that step the ALJ assesses "the claimant's residual functional capacity ('RFC')" and "ability to return to [his] past relevant work." *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). "[T]he regulations define RFC as that which an individual is still able to do despite the limitations caused by his or her impairments." *Id.* (citing 20 C.F.R. § 404.1545(a)); *Moore v. Comm'r of Soc. Sec.*, 478 F. App'x 623, 624 (11th Cir. 2012). If he cannot

perform past relevant work, step five shifts the burden to the Commissioner to show that "there is other work available in significant numbers in the national economy that the claimant is able to perform." *Moore*, 478 F. App'x at 624.

## II. ANALYSIS

Malave, a 15-year Army veteran, had prior work experience as a clerk, correctional officer, kitchen helper, and construction worker. (Tr. 236.) He filed for disability, claiming that he could no longer work due to degenerative disc disease of the lumber spine, frozen shoulder, obesity, depression, and diabetes. (Tr. 12.) The ALJ found that Malave's back and shoulder problems, obesity, and depression were severe impairments at step two. (*Id.*) However, his impairments, individually and in combination, failed to meet a step three listing. (*Id.*)

At step four, the ALJ determined that Malave retained the following residual functional capacity:

> claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except he should only have to sit for no more than one hour continuously and for up to a total of eight hours. Similarly, he should be required to walk and/or stand for more than one hour continuously and for up to two to four hours total. He should be able to avoid having to climb ladders, ropes, or scaffolds and be able to avoid crawling and reaching overhead. The claimant should not be required to, more

4

than occasionally, stoop, crouch, kneel, or climb stairs. Finally, he is able to perform repetitive short cycle and detailed with a Specific Vocational Preparation code of 1 through 4.

(Tr. 15.) And in his step-five hypothetical to the vocational expert ("VE"), the ALJ restated the RFC as follows:

Now, suppose we have an individual who at all relevant times, age 48 and younger. This individual has GED education. The past relevant work as described. This individual would be able to lift 20 pounds occasionally, 10 pounds frequently. Would be able to sit for approximately one hour at a time, six hours total in a work day. Walk and stand about one hour, and about two to four hours total in a work day. Would have to avoid climbing ladders, ropes, scaffolds. Could occasionally stoop, crouch, kneel, and climb stairs. Individual should avoid crawling. Should avoid extended overhead work. This individual would be able to perform repetitive, short-cycle, and detailed work, found with SVP 1 through 4.

(Tr. 53.) Based on the hypothetical, the VE advised the ALJ that claimant could perform three sedentary jobs with Specific Vocational Profiles ("SVP") of 2 or 3. (Tr. 19.)

Notably, the ALJ listed no mental limitations in either the RFC assessment or the hypothetical to the VE. Malave contends that this was error.[1] (Doc. 9 at 1-2.)

Consultative examiner George Miller, Psy. D., conducted a clinical interview of Malave on December 7, 2009. (Tr. 431.) He found that

---

[1] Malave has raised several other claims of error, but the Court reserves those matters to the Commissioner to be addressed on remand.

Malave suffered from cannabis and alcohol abuse, a mood disorder, and depressive disorder. (Tr. 433.) According to Miller, Malave exhibited signs of distress and depression. (*Id.*) He had difficulty staying on track during the examination. (*Id.*) He also has a history that indicates that he might pose a "risk for damage to property and others." (*Id.*) "His prognosis for coping adequately appears guarded," and he "does not appear competent to independently manage income from disability funds." (*Id.*)

The ALJ explicitly noted that he found Dr. Miller's assessment to be "persuasive because [it was] based on [an] in-person examination[], and [was] largely consistent with the record as a whole."[2] (Tr. 17.) He acknowledged that based on Dr. Miller's evaluation, Malave would have mild to moderate difficulties maintaining concentration, persistence, or pace. (Tr. 14.) Consistent with that, he reiterated in his step-four analysis that claimant "has some degree of limitation in the area of concentration, persistence, and pace." (Tr. 17.) He failed to address Dr. Miller's determination that Malave might be a risk to property or others.

---

[2] While the ALJ discounted the opinions of two non-examining state psychological experts, they noted that Malave would have difficulty in maintaining social functioning. He had been fired four times, and had a history of problems with superiors. (Tr. 451 (John Cooper, PhD).)

Instead, he simply noted that Malave's treatment notes suggested that his depression had improved substantially after Miller's evaluation when he was prescribed Prozac. (*Id.*; *see* tr. 677 (February 1, 2011 treatment notes explaining improvement).[3])

While reiterating on multiple occasions that Malave has a concentration, persistence, and pace mental limitation, the ALJ nowhere included that limitation, or any of Miller's other mental limitations, in the RFC and VE hypothetical. Perhaps the ALJ reasoned that an improvement in depression necessarily meant that Malave's symptoms were no longer even work-limiting. Such an assumption would be dubious in light of the record. (Tr. 433 (consultative examiner suggesting that Malave's myriad physical complaints might have had some impact on his mental state).) The ALJ, however, never enters into any meaningful explanation of the degree of improvement. Nor does he comment on the possibility that even a marked improvement would still

---

[3] The note itself, from a nurse practitioner with the Veterans Administration, states that Malave's depression was "much improved with switch to prozac, no more sweating and getting out daily, support from AA is probably a big help also, given lots of encouragement to keep going with abstinence and AA." (Tr. 606; tr. 677 (same).) Malave's prior treatment by Celexa had caused unwanted side effects. (Tr. 609.) The VA also noted that he was getting support from the AA and was meditating to help relieve stress. (Tr. 610, 681.)

7

leave some depression-related limitations. And the ALJ confuses the matter further by stating that even after Malave improved with Prozac, he is "functionally limited due to depression" and still "has some degree of limitation in the area of concentration, persistence, and pace." (Tr. 16.) In light of the ALJ's incomplete and seemingly contradictory analysis, the Court is forced to guess at his reason for leaving out Malave's mental limitations when posing his hypothetical to the VE.

The Court in *Winschel v. Comm'r, Soc. Sec.*, 631 F.3d 1176 (11th Cir. 2011) (joining Third, Seventh, Eighth, and Ninth Circuits), reversed an ALJ's decision denying benefits because his hypothetical to the VE "failed to include or otherwise implicitly account for all of [claimant's] impairments." *Id.* at 1181. Specifically, the ALJ failed to include a "moderate limitation in maintaining concentration, persistence, or pace." *Id.* *Winschel* noted, however, that the ALJ may account for such a limitation by limiting the hypothetical to include only unskilled work, so long as the medical evidence suggests that claimant can engage in simple, routine tasks.[4] *Id.* at 1180.

---

[4] The *Winschel* court also explained that the ALJ need not include the limitation if the medical evidence suggests that claimant's limitation does not affect

8

Assuming that the mental limitations should have been included in the VE hypothetical, *Winschel*'s "safe harbor" might have saved the Commissioner's decision. But the ALJ did not limit the VE hypothetical to account for any mental limitations. Again, his decision is less than clear. According to the ALJ, he consulted the VE in order to determine the extent Malave's limitations eroded the *unskilled* light occupational base. (Tr. 18.) Yet one of the jobs he found that Malave could perform was that of "telephone solicitor," which has an SVP of 3 and is traditionally considered to be semi-skilled, not unskilled. *Bosarge v. Astrue*, 2011 WL 4971978 at *3 n.4 (M.D. Ala. Oct. 19, 2011). Moreover, the ALJ's hypothetical to the VE noted that claimant should be able to perform "detailed" work with SVP levels of 1 through 4. (Tr. 53.) In other words, despite the mental limitations and despite passages in the decision suggesting that claimant should be limited to unskilled work, the ALJ not only included semi-skilled work in the VE hypothetical but also found that claimant was, in fact, capable of performing a semi-skilled job.

---

his ability to work. 631 F.3d at 1181. As discussed in text, *supra*, the ALJ failed to make such a finding.

Given all of these inconsistencies it is simply impossible to know what was in the ALJ's mind. "[N]o court should be forced to engage in speculation as to the reasons for an ALJ's decision." *Williams v. Bowen*, 664 F. Supp. 1200, 1207 (N.D. Ill. 1987) (citing *Owens v. Heckler*, 748 F.2d 1511, 1516 (11th Cir. 1984)). Accordingly, this case should be reversed and remanded.

### III. CONCLUSION

Given the lack of clarity in the ALJ's opinion, this case must be **REMANDED** to the Commissioner under sentence four of 42 U.S.C. § 405(g).

**SO REPORTED AND RECOMMENDED** this 6th day of March, 2014.

_____
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA